# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| MARGARET RAE FOSTER, | |
| Plaintiff, | No. C14-3013-LTS |
| vs. | |
| CERRO GORDO COUNTY, et al., | *ORDER* |
| Defendants. | |

This case is before me on plaintiff's June 25, 2014, motion (Doc. No. 16) for leave to amend her complaint. The proposed amended complaint would, if allowed, add seven new defendants to this case while also adding additional allegations to Count IV. In addition to seeking leave to file the amended complaint, plaintiff seeks entry of an order finding that the amended complaint relates back to the filing of the original pleading.

All existing defendants have filed resistances (Doc. Nos. 18, 19) to plaintiff's motion. No party has requested oral argument and, in any event, I find that oral argument is not necessary. L.R. 7(c). The motion is fully submitted.

## *BACKGROUND*

Plaintiff Margaret Rae Foster commenced this action in the Iowa District Court for Cerro Gordo County on January 17, 2014. Doc. No. 3. The state court petition names the following defendants: Cerro Gordo County, Iowa (County), City of Mason City (City), Roungaroun Phaiboun, additional unidentified Mason City police officers or employees, Kevin Pals, Shad Stoeffler, Terry Allen-Burns and additional unidentified Cerro Gordo County jail staff. *Id.* Foster contends she was arrested by Officer

Phaiboun and another officer on January 19, 2012, that they inflicted a fracture dislocation to her elbow (along with other physical damage) and that they denied her requests for medical attention – instead delivering her to the County jail. *Id.* at ¶¶ 3-4. She further contends that she requested medical attention at the jail but jail staff ignored her requests. *Id.* at ¶ 5. She alleges that she was held at the jail overnight and that she underwent surgery to repair her fracture and dislocation five days after being released. *Id.* at ¶ 7. The petition includes causes of action for negligence, intentional or reckless infliction of injury, intentional infliction of emotional distress and violation of Foster's constitutional rights. *Id.* at 6-8. Foster seeks compensatory and punitive damages, attorney fees and other relief. *Id.* at 9.

Defendants County, Pals, Stoeffler and Allen-Burns removed the action to this court on March 3, 2014. Doc. No. 2. Defendants City and Phaiboun joined in the removal two days later. Doc. No. 6. All of the named defendants have filed answers denying liability and raising affirmative defenses. Doc. Nos. 5, 8.

On April 15, 2014, I approved (with one minor exception) and entered the parties' joint proposed scheduling order and discovery plan. Doc. No. 10. Among other things, that order established June 2, 2014, as the deadline for any motions to add parties and/or amend pleadings. *Id.* at 1. Discovery is scheduled to close January 30, 2015, and a jury trial is scheduled to begin August 10, 2015. Doc. Nos. 10, 11.

On June 2, 2014, the deadline for any *motions* to amend or add parties, Foster filed an amended complaint and jury demand. Doc. No. 12. She did not file a motion for leave to do so. The defendants quickly pointed this out by moving (Doc. Nos. 14, 15) to strike the amended complaint, prompting Foster to file her present motion on June 25, 2014. On July 1, 2014, I entered an order (Doc. No. 17) granting the defendants' motion to strike the improperly-filed amended complaint and indicating that Foster's

motion for leave to amend would be considered after defendants had the opportunity to resist that motion. The resistances (Doc. Nos. 18, 19) were filed the following day.

*ANALYSIS*

I.   *Should Leave to Amend be Granted?*

　　A.   *Applicable Law*

A party may amend its pleading once as a matter of course within a limited period of time after filing it. Fed. R. Civ. P. 15(a)(1). Once that period has expired, a pleading may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave, when sought, "shall be freely given when justice so requires." *Id*. There is, however, no absolute right to amend a pleading. *See, e.g., Hammer v. Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). Notwithstanding Rule 15's liberal amendment policy, a motion to amend may be denied on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

When a motion to amend is filed beyond the scheduling order's deadline for such motions, Rule 16(b) comes into play, as well. Scheduling orders may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). "The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The liberal amendment standard

contained in Rule 15(a) applies when a motion for leave to amend is filed within the time permitted by the court's scheduling order and discovery plan. On the other hand, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

In *Sherman*, the Eighth Circuit Court of Appeals explained the Rule 16(b) "good cause" standard as follows:

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn*, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the

4

scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman*, 532 F.3d at 716-17. Applying this standard, the court held that leave to add a new defense should have been denied, as such leave was not sought until almost eighteen months after the deadline to amend pleadings had expired. *Id*. at 717-18.

### B. Discussion

#### 1. Rule 16

Here, as noted above, the deadline for motions to add parties and amend pleadings was June 2, 2014. Doc. No. 10. Foster filed her motion three weeks later, on June 25, 2014. This would normally require that Foster show good cause under Rule 16 for the untimely filing. Foster's motion does not address this issue, nor do the defendants, in their respective resistances, allege that the motion should be denied because it was filed beyond the scheduling order's deadline. It appears that all parties assume Foster's improper filing of an amended complaint on June 2, 2014, without seeking leave to do so, was "close enough" to comply with the scheduling order's deadline. While that assumption is certainly arguable, the fact that no defendant has raised an objection based on Foster's failure to comply with the scheduling order persuades me that it would be inappropriate to deny the motion on that basis. Defendants were, at least, made aware of the contents of the proposed amended complaint on June 2, 2014, even though Foster failed to file the required motion. Foster then filed that motion within a reasonable time after defendants moved to strike the improperly-filed amendment. Under these

5

circumstances, I will analyze the motion under Rule 15 despite Foster's technical failure to comply with the Rule 16(a) scheduling order.

### 2. *Rule 15*

As noted above, a motion for leave to amend may be denied under Rule 15 on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bell,* 160 F.3d at 454. Here, while the parties do not couch their arguments in terms of futility, that is clearly the fighting issue. Foster's proposed amendment would add seven new defendants and include additional allegations to Count IV. Defendants only challenge the amendment based on the alleged futility of adding the new defendants.

Foster requests a finding that her amended complaint relates back to the filing of her original state court petition, which she filed on January 17, 2014. She makes this request because (a) her alleged injuries occurred on January 19 and 20, 2012, and (b) all of her claims are subject to a two-year statute of limitations. *See* Iowa Code 614.1(2) (two-year limitation on personal injury claims); *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985) (applying Iowa Code § 614.1(2) to claims brought pursuant to 42 U.S.C. § 1983). Because Foster waited until virtually the last possible minute to commence this action, any new parties added at this stage will have viable statute of limitations arguments if the amended complaint does not relate back to the original filing date.

Defendants thus devote the bulk of their resistances to arguments concerning the "relation back" request. All parties invoke Rule 15(c) which provides, in relevant part:

> **(c) Relation Back of Amendments.**
>
>> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> (A) the law that provides the applicable statute of limitations allows relation back;
>>>
>>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>>
>>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>>
>>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>>
>>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P.15(c)(1). Foster contends that the proposed amendment qualifies for relation back under this rule, while the defendants disagree.

The parties present their "relation back" arguments as if I should make a final determination, now, as to whether the proposed amendment relates back to the original petition. However, the proposed new defendants are not yet part of this case and, therefore, have not raised *any* arguments based on the statute of limitations. Neither plaintiff nor defendants address the issue of whether the current defendants have standing to argue that Foster's claims against the proposed defendants are futile. Courts are

divided on this issue. *See Agri Star Meat & Poultry, LLC v. Moriah Capital, L.P.*, No. C10-1019, 2011 WL 1743712, at *6-7 (N.D. Iowa May 6, 2011) (finding a current defendant could assert futility on behalf of prospective defendants where prospective defendants had close legal relationship with current defendant and it appeared likely that all defendants would be represented by the same attorneys); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, CIV. 13-5592 NLH/AMD, 2014 WL 988829 (D.N.J. Feb. 27, 2014) (finding that neither current defendants nor proposed defendant had standing to oppose motion to amend based on futility of adding defendant because of lack of personal jurisdiction).

In deciding whether an amendment to add/change parties is futile, courts have considered arguments similar to the one presented here based on the statute of limitations. *See Carter v. Great Am. Grp. WF, LLC*, 3:11-0794, 2012 WL 3286048 (M.D. Tenn. July 23, 2012) *report and recommendation adopted sub nom. Carter v. Movie Gallery US, LLC*, 3-11-0794, 2012 WL 3332409 (M.D. Tenn. Aug. 10, 2012) ("Because futility is a valid objection to a motion to amend and because the district court may make the legal determination that a motion to amend is futile based on the expiration of the statute of limitations, the defendants have standing to invoke the statute of limitations as a defense against plaintiff's motion to amend."); *Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 767-68 (11th Cir. 2011) (finding district court did not abuse its discretion in denying motion to amend to add new parties as the claims against the new parties would have been barred by the statute of limitations, and thus the amendment was futile). Based on these cases and the fact that the prospective defendants in this case have a close legal relationship with the current defendants (a factor considered in *Agri Star Meat & Poultry, LLC*), I will consider the futility argument presented by defendants.

A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007); *Van Stelton v. Van Stelton*, 904 F. Supp. 2d 965, 969 (N.D. Iowa 2012); *Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F. Supp. 1471, 1489 (N.D. Iowa 1995). As I have recently explained:

> I will not deem a proposed new claim to be "futile" absent a high likelihood that it is doomed to near-certain failure. Thus, even if I have doubts about a particular claim, and suspect that it might be dismissed upon a Rule 12 motion, I will not deem it to be "futile" for purposes of Rule 15.

*Community Voice Line, LLC, v. Great Lakes Comm. Corp.*, 295 F.R.D. 313, 321 (N.D. Iowa 2013). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (citing *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)).

Defendants contend Foster's claims against the proposed defendants are futile because (1) the statute of limitations for asserting such claims has expired and (2) the claims against the new defendants do not "relate back" under Rule 15(c)(1)(C). Defendants also argue that Foster has failed to demonstrate compelling circumstances for equitable tolling of the statute of limitations.

Claims brought pursuant to 42 U.S.C. § 1983 for damages arising from alleged constitutional violations are subject to the statute of limitations that applies to a personal injury action in the state in which the cause of action arose. *Wilson v. Garcia,* 471 U.S. 261, 278–79 (1985). In Iowa, those claims are governed by Iowa's two-year statute of limitations for personal injury actions. *Wycoff,* 773 F.2d at 984 (applying Iowa Code § 614.1(2)). Foster's proposed amended complaint alleges that her arrest, injuries and denial of necessary medical care occurred on January 19, 2012. Doc. No. 16-1 at 2.

9

The proposed amended complaint was filed on June 25, 2014. While it would appear that the claims against the proposed defendants are outside the two-year statute of limitations, dismissal on this basis is not so clearly warranted when considering the relation-back doctrine under Rule 15(c)(1)(C).

Plaintiff characterizes her proposed amendment as a "substitution" of the named defendants for the previously "unidentified" defendants and argues her amended complaint "relates back" under Rule 15(c)(1)(C) because the named defendants had adequate notice of the lawsuit and knew action would be brought against them, but for Foster's lack of knowledge concerning their names. Rule 15(c)(1)(C) applies when "the amendment changes the party or the naming of the party against whom a claim is asserted . . . ." Fed. R. Civ. P. 15(c)(1)(C). The Rule requires: (a) that the amendment assert a claim that arose out of the same conduct, transaction or occurrence set out in the original pleading, and (b) that within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment

(i) "received such notice of the action that it will not be prejudiced in defending on the merits" and

(ii) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identify."

*Id*. The issue presented here relates to the final requirement - whether listing "John Doe" defendants in the original petition can be considered a "mistake concerning the proper party's identity." *Id.*

Defendants point out that several federal appellate courts have found that replacing "John Doe" defendants with named defendants does not constitute a mistake under Rule 15(c)(1)(C). *See e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a

John Doe defendant's name does not constitute a 'mistake of identity.'")[1]; *Smith v. City of Akron*, 476 F. App'x 67, 69-70 (6th Cir. 2012) ("The problem with Smith's amended complaint is that adding new, previously unknown defendants in place of 'John Doe' defendants 'is considered a change in parties, not a mere substitution of parties,' and 'such amendments do not satisfy the 'mistaken identity' requirements of Rule 15(c)."). The Eighth Circuit Court of Appeals has not yet addressed this issue.[2]

Plaintiff relies on *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010), to argue that "mistake" is read broadly and that I should focus only on what the prospective defendants knew or should have known within the Rule 4(m) period without regard to plaintiff's knowledge or her timeliness in seeking to amend. *Krupski*, 560 U.S. at 541. Plaintiff acknowledges that *Krupski* is not a case involving "John Doe" defendants. In *Krupski*, the plaintiff identified "Costa Cruise" as the named defendant in her original complaint. *Id.* at 543. Costa Cruise notified plaintiff multiple times that Costa Crociere was the proper defendant. *Id.* at 543-44. When Costa Cruise moved for summary judgment stating that Costa Crociere was the proper defendant, the plaintiff filed a response along with a motion to amend her complaint to add Costa Crociere as a

---

[1] In *Hogan,* a section 1983 case, the court concluded that although an amendment naming the previous "John Doe" defendants would not relate back under Rule 15(c)(1)(C), it would relate back under Rule 15(c)(1)(A) and New York law related to claims alleged against John Doe defendants. Neither side has presented an argument as to whether this provision and Iowa law would allow the amendment.

[2] However, the Eighth Circuit has favorably cited *Barrow v. Wethersfield*, 66 F.3d 466, 467 (2d Cir. 1995), in which the Second Circuit Court of Appeals stated, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.' Thus, '[s]uch an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.'" *See Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001) (declining to consider whether identifying a defendant by name relates back to a previously filed complaint against a "John Doe" defendant because the argument was not presented to the district court).

defendant. *Id.* at 544. Summary judgment was denied and plaintiff's motion for leave to amend her complaint was granted. Costa Crociere was served with the amended complaint and Costa Cruise was dismissed pursuant to a joint stipulation. *Id.*

Costa Crociere (represented by the same counsel as Costa Cruise) filed a motion to dismiss arguing the amended complaint did not relate back under Rule 15(c) and was untimely. *Id.* at 544-45. The District Court agreed, finding plaintiff had not made a mistake concerning the identity of the proper party because she had been informed of the proper defendant multiple times and delayed moving to amend to her complaint. *Id.* at 545-46. The Eleventh Circuit affirmed, pointing out that Costa Crociere was identified as the carrier on plaintiff's passenger ticket such that she either knew or should have known Costa Crociere was a potential party. *Id.* at 546. The United States Supreme Court reversed, clarifying that Rule 15(c)(1)(C)(ii) "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548 [emphasis in original]. Applying the facts, the Court considered that Costa Cruise and Costa Crociere were related entities with similar names and that Costa Crociere had contributed to the confusion by ambiguously advertising on passenger tickets that "Costa Cruises" had achieved a certification of quality. *Id.* at 556. The Court concluded Costa Crociere should have known that plaintiff's failure to name it as a defendant was due to a mistake concerning the proper party's identity. *Id.* at 557.

Here, I find that defendants have failed to establish that there is no set of facts under which Foster could show that the prospective defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning [their] identify." Fed. R. Civ. P. 15(c)(1)(C). There appears to be no dispute that the amended complaint is based on the same "conduct, transaction, or

12

occurrence" as the original complaint, which meets the first requirement under Rule 15(c)(1)(C). As to the other requirements, *Krupski* makes it clear that the determination must be made in light of what the *defendants* knew or should have known within 120 days[3] after the petition was filed. The current record contains limited information as to whether, during that time period, the prospective defendants (1) received notice of the action such that they would not be prejudiced in defending the merits or (2) knew or should have known that the action would have been brought against them, but for a mistake of their identity. That information is also outside of the amended complaint itself. Because I cannot determine at this time that the amendment cannot relate back under Rule 15(c)(1)(C) as a matter of law, I find defendants have failed to demonstrate that plaintiff's amendment is futile. Plaintiff's motion for leave to file her amended complaint will be granted.[4]

Of course, and as noted above, a finding that the proposed amendment is not futile does not mean it is meritorious. The newly-named defendants are free to assert a statute of limitations defense once they are added to the case and present arguments as to why the claims against them do not relate back pursuant to Rule 15(c)(1)(C).

## *CONCLUSION*

---

[3] *See* Fed. R. Civ. P. 4(m).

[4] Because I have not reached a conclusion as to whether plaintiff's amended complaint relates back under Rule 15(c)(1)(C), I find it unnecessary to consider defendants' other argument that the statute of limitations cannot be equitably tolled.

For the reasons explained above, plaintiff's motion (Doc. No. 16) for leave to amend her complaint is **granted**. The Clerk is directed to docket the amended complaint (Doc. No. 16-1) submitted with the motion.

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE