# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

MARGARET RAE FOSTER,

    Plaintiff,

vs.

CERRO GORDO COUNTY, an Iowa Municipal Corporation, et al.,

    Defendants.

No. 14-CV-3013-CJW

**ORDER**

_____

Before the Court is plaintiff's Motion for Extension of Time to File Amended Notice of Appeal. (Doc. 77). Plaintiff requests "that the Court extend the time to file notice of appeal in this matter to allow Plaintiff to file an amended notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), or to allow amendment of the notice of appeal by operation of Federal Rules of Civil Procedure 60(b)(1) or 60(b)(6)." (Doc. 77, at 1). This same motion was previously before this Court; however, the Court denied plaintiff's motion for lack of jurisdiction.

## *I.    FACTUAL AND PROCEDURAL HISTORY*

The Court adopts its previous factual and procedural findings as set forth below:

> Plaintiff sued two groups of defendants. Plaintiff alleged a group of Mason City Police Officers (City Defendants) used excessive force when arresting her. Plaintiff also alleged a group of Cerro Gordo County Sheriff's Office employees (County Defendants) failed to provide her with timely medical care for injuries the City Defendants allegedly inflicted. Plaintiff brought both claims pursuant to Title 28, United States Code, Section 1983, and also alleged various state law causes of action.
> The procedural history in this matter is as follows.

On October 2, 2015, the County Defendants moved for summary judgment. Doc. 37.

On January 28, 2016, the court granted the County Defendants' summary judgment motion. Doc. 46.

On February 1, 2016, the City Defendants moved for summary judgment. Doc. 47.

On February 24, 2016, plaintiff prematurely filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. Doc. 51. The court treated this motion as a motion to reconsider its order granting the County Defendants' summary judgment motion, and denied it. Doc. 60.

On April 27, 2016, plaintiff prematurely filed a notice of appeal to the Eighth Circuit Court of Appeals (Doc. 63), seeking to appeal the court's order granting the County Defendants' motion for summary judgment as well as on the court's order denying plaintiff's Rule 59(e) motion.

On May 10, 2016, the court granted City Defendants' motion for summary judgment. Doc. 68.

On May 16, 2016, the court entered judgment against plaintiff, citing the court's orders filed on "1/28/2016" and "5/10/2016." Doc. 69.

On May 23, 2016, plaintiff timely filed a notice of appeal to the Eighth Circuit Court of Appeals on the court's order granting the City Defendants' motion for summary judgment. Doc. 71.

On June 10, 2016, the Eighth Circuit Court of Appeals dismissed plaintiff's first appeal for lack of jurisdiction. Doc. 76.

On June 23, 2016, plaintiff filed the instant motion (Doc. 77), and County Defendants timely resisted the motion (Doc. 78). On July 14, 2016, this Court denied plaintiff's motion for lack of jurisdiction, as a notice of appeal to the Eighth Circuit Court of Appeals had already been filed. (Doc. 79). In doing so, this Court indicated that if the Court had possessed jurisdiction over the matter, plaintiff's motion would have been granted. (*Id.*). The Eighth Circuit Court of Appeals subsequently remanded the instant motion back to this Court for decision under Federal Rule of Appellate Procedure 12.1, which "permits a court of appeals to remand a case for further proceedings where a district court has made an indicative ruling on a motion that was filed by a party after a docketed appeal has divested the lower court of jurisdiction." *Foster v. Cerro Gordo Cnty.*, No. 16-3195, slip op. at 3 (Sept. 20, 2017). Because this Court has previously

2

considered the merits of plaintiff's motion, the Court adopts its previous indicative decision as set forth below.

## II. DISCUSSION

This Court previously held that, although it lacked the authority to do so, the Court would have granted plaintiff's motion had it been able to. (Doc. 79, at 9 ("If the Court of Appeals remanded this case, this [C]ourt would grant plaintiff's motion")). *See* FED. R. CIV. P. 62.1(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . (3) state that it would grant the motion if the court of appeals remands for that purpose"). As such, the following analysis is adopted from the Court's previous consideration of the motion, and the motion is now **granted**.

> First, plaintiff seeks relief under Federal Rule of Appellate Procedure 4(a)(5)(A). The Rule reads:
>
> > **(5) Motion for Extension of Time.**
> > **(A)** The district court may extend the time to file a notice of appeal if:
> > **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> > **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> FED. R. APP. P. 4(a)(5)(A). On May 16, 2016, judgment became final. *See Catlin v. United States*, 324 U.S. 229, 233 (194[5]) (a final judgment is defined as one that "ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment"). Plaintiff therefore had until June 15, 2016, to file a timely notice of appeal. Rule 4(a)(5)(A)(i) allows a district court to grant additional time to file a notice of appeal if the party so moves within 30 days from the time prescribed by FED. R. APP. P. 4(a). Plaintiff's motion seeking an extension of time was filed on June 23, 2016, well within the permissible time.
>
> Next, under Rule 4(a)(5)(A)(ii), the court examines if plaintiff has shown excusable neglect or good cause. When analyzing excusable neglect,

3

courts should "'tak[e] account of all relevant circumstances surrounding the party's omission,' including: 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Fink v. Union Cent. Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) [(alterations in original)] (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380[, 395] (1993)). The [C]ourt finds that plaintiff's failure to timely file a notice of appeal on her County Defendants claim constitutes excusable neglect. Plaintiff did file for appeal, albeit prematurely on April 27th, due to a mistaken belief the court had bifurcated her case and that the summary judgment order on the County Defendants constituted entry of a final judgment as to that portion of the case. The length of delay here is limited; there is no evidence that plaintiff did not act in good-faith; danger of prejudice to the County Defendants is minimal; and ultimately, it seems fair to allow plaintiff a chance to have an appellate court review this [C]ourt's rulings on all of her federal claims. As the [C]ourt finds excusable neglect to be present, a discussion of good cause is unnecessary.

Second, plaintiff argues that Federal Rules of Civil Procedure 60(b)(1) and (6) provide alternative grounds to grant her motion (Doc. 77). Rule 60(b) provides, in pertinent part: ["]**b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: **(1)** mistake, inadvertence, surprise, or excusable neglect; [or] . . . **(6)** any other reason that justifies relief.["] FED. R. CIV. P. 60(b)(1), (6). The United States Supreme Court explained:

> Rule 60(b)(1) . . . permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. If a party is partly to blame for the

4

delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.

*Pioneer*, 507 U.S. at 393 (internal citations omitted). The same test is used to analyze "excusable neglect" under Rule 4(a)(5)(A) and Rule 60(b)(1). *See Feeney v. AT & E, Inc.*, 472 F.3d 560, 562-63 (8th Cir. 2006) (adopting *Pioneer* test for Rule 60(b)(1)); *see also Fink*, 65 F.3d at 724 (adopting *Pioneer* test for FED. R. APP. P. 4(a)(5)(A)[ ]). Therefore, for the same reasons as above, the [C]ourt finds that plaintiff has also shown excusable neglect under Federal Rule of Civil Procedure 60(b)(1) as well. As Rules 60(b)(1) and (6) are "mutually exclusive," and because plaintiff has not shown extraordinary circumstances (as plaintiff was not faultless in the delay here), relief under Rule 60(b)(6) is barred.

A district court's authority to rule on a Rule 60(b) motion, however, is limited once an appeal has been filed and docketed with a federal circuit court.

> [T]he entry of final judgment narrows the district court's formerly plenary jurisdiction over the case to: (i) for the first twenty-eight days after the entry of judgment, motions under rule[ ] [ ] 60—the district court's jurisdiction, while limited, trumps that of the Court of Appeals during this time period, and, even if a party files a notice of appeal, the Court of Appeals will wait until after the district court has ruled on the post-judgment motion to touch the case, *see* FED. R. APP. P. 4(a)(4)(B); (ii) after twenty-eight days, if a party has filed a notice of appeal, motions under rule 60—the Court of Appeals' jurisdiction trumps the district court's during this period, and the district court needs the Court of Appeals' permission even to grant a rule 60 motion; and (iii) after twenty-eight days, if no party has filed a notice of appeal, motions under rule 60.

*See Lujan v. City of Santa Fe*, 122 F. Supp.3d 1215, 1235 (D.N.M. 2015). Additionally, the Federal Practice & Procedure treatise states:

> Motion for relief from judgment filed after notice of appeal may be considered on the merits and denied by the district court, and a separate appeal can thereafter be taken; however, if the district court wishes to grant the motion, movant's counsel should request the Court of Appeals to remand the

5

case so that a proper order may be entered, and, if the district court does not obtain leave from the Court of Appeals, it is without jurisdiction and cannot grant the motion.

11 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2873 n.[8] (3d ed. 2016) (citing *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069 (8th Cir. 1991)).

(Doc. 79 (footnotes omitted). In its prior decision, this Court indicated that, if given the opportunity, this Court would grant plaintiff's motion. Now that it has been given the chance, it grants plaintiff's motion.

### III.  CONCLUSION

As previously stated, the Eighth Circuit did remand this case so that a proper order may be entered, and this Court may now enter the order. For the foregoing reasons, plaintiff's motion is hereby **granted**, consistent with this Court's prior indication regarding plaintiff's motion. (Doc. 79). Plaintiff has **thirty (30) days** within which to amend her notice of appeal.

**IT IS SO ORDERED** this 26th day of September, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa